Scapes, Justice, delivered the opinion of the court: Debt [* 96] on promissory note under seal: The declaration states that Jonathan D. Manlove is school commissioner and agent for the inhabitants of Schuyler county, and successor in office to William Ellis, former school commissioner, and that he sues for the use of the inhabitants of township two (2) N., R. two (2) W. He states that the defendants made their certain writing obligatory, in which they promised to pay to William Ellis, school commissioner, etc., or his successor in office, for the above use, the sum of $100, with twelve per cent, interest per annum, etc. Breaches, nonpayment. To this there is a general demurrer; which the court sustained., and which is assigned for error. It is now insisted that William Ellis, the payee, can alone sue, having the legal interest. It is a general rule that the suit must be in the name of him who has the legal interest; but it is not invariably true. The rule has its exceptions. It has been insisted that this question was settled in the cases of McHenry v. Ridgely, 2 Scam. 310, and McConnel v. Thomas, Ibid, 314. In the former, it was held that the mere legal interest was sufficient to maintain the action. Riclgely was the assignee, and the defense set up, and which the court held insufficient, was, that the beneficial interest was in the State Bank, for whom he held as trustee. In the latter, a similar question arose. The note was given to Thomas, as agent for the inhabitants, etc., and the defense was that he had no interest; but the court held the legal interest sufficient to maintain the action. In the case of Kyle v. Thompson et al. 2 Scam. 432, the plaintiff had not the legal interest, and it did not appear that they were beneficially interested, having assigned the note. The same question arose in the case of Campbell v. Humphries, 2 Scam. 478. Since the above decisions, and before this suit was instituted, by an act of the 26th of February, 1841, 267, § 37, it is provided that suit may be maintained in the name of the “ school commissioner of the county,” for the use stated. This suit is substantially within that act, and the prefixture of the name of Jonathan D. Manlove, may be stricken out as sur-plusage. It is the opinion of the court, that the judgment be reversed with costs, and the cause remanded. Judgment reversed.